■ In the Matter of ANTONIO GIARDINA, Appellant, v NEW YORK CITY HEALTH & HOSPITALS CORP. et al., Respondents. [26 NYS3d 47]—

Judgment, Supreme Court, New York County (Eileen A. Rakower, J.), entered September 16, 2014, denying the petition to annul respondents' determination, dated July 7, 2011, which abolished petitioner's City Laborer position effective July 8, 2011, and dismissing the proceeding brought pursuant to CPLR article 78, unanimously affirmed, without costs.

Respondents' determination was rationally based in the record and not arbitrary and capricious (*see Matter of Partnership 92 LP & Bldg. Mgt. Co., Inc. v State of N.Y. Div. of Hous. & Community Renewal*, 46 AD3d 425 [1st Dept 2007], *affd* 11 NY3d 859 [2008]). Following his layoff, petitioner's union challenged the way respondents calculated the retention date of City Laborers, including petitioner. On behalf of affected Laborers, including petitioner, the union entered into a stipulation of settlement, which petitioner personally ratified, that advanced his retention date by more than nine years and moved him from No. 49 to No. 23 on the preferred list, i.e., the list of laid-off Laborers, in order of seniority, that determined the order of any reinstatements. During petitioner's time on the list, only two vacancies occurred, and they were filled by Laborers senior

to him. Petitioner does not identify any Laborer who should have been displaced by him on the list or any vacancy that occurred that he could have filled.

To the extent petitioner seeks in this proceeding to revisit the terms of the settlement agreement, his challenge is untimely under the applicable four-month limitations period (*see* CPLR 217 [1]). Concur—Mazzarelli, J.P., Renwick, Manzanet-Daniels and Kapnick, JJ.